JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Carol Toensing ("Wife"), appeals the trial court's decision regarding support arrearage, interest on the arrearage, and her motion to show cause and attorney fees. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2001, Wife filed a motion to show cause against her ex-husband, Carl Toensing ("Husband"), for his alleged failure to pay for their second child's college education as required in the parties' 1983 agreed divorce decree. In response, Husband filed a motion to modify support, claiming that he was no longer able to pay for their second child's college education. Wife filed a motion to dismiss Husband's motion because both children were then emancipated. In 2003, Husband filed a motion for a refund of overpaid child and spousal support.
 {¶ 3} The matter was heard by a magistrate. Following the hearing, the magistrate issued a decision on May 17, 2004, finding that Husband was in arrears for support in the amount of $12,079.56. The magistrate also granted Wife's motion to dismiss Husband's motion to modify and denied Husband's motion. Finally, the magistrate found that Husband fulfilled his duty to pay for his children's college education because he paid what he was able pursuant to the divorce decree. Therefore, the magistrate denied Wife's motion to show cause and for attorney fees.
 {¶ 4} Husband and Wife filed timely objections. Wife argued that the magistrate erred in his calculations of underpaid support. She argued that the amount should be $14,219.62 and that Husband should not be allowed 56 months to make payments. Wife also argued that the court erred in failing to award interest on the arrearage, failing to hold Husband in contempt for not providing their second child with a college education when he was financially able, and failing to award attorney fees.
 {¶ 5} Husband's sole objection related to the magistrate's determination of the amount of support he allegedly underpaid.
 {¶ 6} On review, the trial court overruled Husband's objection, but sustained, in part, Wife's objections and remanded the matter to the magistrate for an amended decision regarding the calculation of arrears and interest.
 {¶ 7} In the magistrate's amended decision, it was determined that Husband was in arrears in the amount of $8,424.49. All other aspects of the May 17 decision were affirmed, and no recommendation regarding interest was made.
 {¶ 8} Again, Wife filed timely objections, arguing that the trial court erred in its calculation of support owed, erred in not awarding interest on the arrearage, erred in extending the payments over 36 months, erred in not finding Husband in contempt for not paying college expenses, and erred in not awarding her attorney fees.
 {¶ 9} The trial court sustained Wife's objections, in part, and adopted and modified the magistrate's amended decision. The trial court found that the total arrearage came to $7,273.98. The trial court ordered that Husband make monthly payments in the amount of $238.70 until paid. The trial court ordered that no interest be awarded on the arrearage based on the lack of willfulness by the Husband in underpaying the support. All other aspects of the amended magistrate's decision were adopted by the domestic relations court.
 {¶ 10} Wife appeals this decision, raising three assignments of error.
 Standard of Review {¶ 11} A trial court's decision regarding both spousal and child support obligations will not be reversed on appeal absent an abuse of discretion. Pauly v. Pauly, 80 Ohio St.3d 386, 390, 1997-Ohio-105, 686 N.E.2d 1108; Cherry v. Cherry (1981),66 Ohio St.2d 348. So long as the decision of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, we will not disturb it. Masittov. Masitto (1986), 22 Ohio St.3d 63, 66, 488 N.E.2d 857. "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment" (Citation omitted). Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028.
 {¶ 12} With these principles in mind, we will address Wife's assignments of error.
 Calculation of Underpaid Child Support {¶ 13} In her first assignment of error, Wife claims that the trial court erred and abused its discretion in calculating the amount Husband underpaid in child support. Wife argues that the trial court made various mathematical errors in calculating the child support obligation.
 {¶ 14} First, we note that Wife has failed to cite any legal authority or parts of the record on which she relies to support her argument as required by App.R. 16(A). Moreover, she fails to specifically identify where the trial court miscalculated. Instead, she makes a general statement that the "bottom line number for underpayment of child support and spousal support should be $14,219.62, not $7,273.98 as miscalculated by the trial court." Therefore, pursuant to App.R. 12(A), we may disregard this assigned error.
 {¶ 15} Finally, Wife relies on the magistrate's calculations in the May 17 decision. Contrary to her argument that these calculations are the "law of the case," the trial court has discretion in reviewing, reversing, or modifying any of its previous orders before they are reviewed by an appellate court. See, e.g., Creaturo v. Duko, Columbiana App. No. 04 CO 1,2005-Ohio-1342. "Indeed, Civ.R. 54(B) states that any order which is not a final, appealable order `is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'" Id., quotingPitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 380,423 N.E.2d 1105. Therefore, the trial court was not bound by any prior calculations by the magistrate.
 {¶ 16} Even addressing the merits of Wife's arguments, we find that she has failed to demonstrate that the trial court abused its discretion in its calculation of underpaid support.
 {¶ 17} The parties' divorce decree dictates how child support is to be calculated. Pursuant to the decree, Husband was to pay Wife $95 per week per child for child support, plus all necessary medical and dental expenses. In addition, Husband was to pay Wife ten percent per child for the amount of bonuses or other extraordinary compensation which he received from his employer. Finally, the amount of child support automatically increased annually in proportion to the percentage of any increase he had in his gross income, on a per child basis.
 {¶ 18} After reviewing the record and the court's judgment entry, we cannot say that the trial court's decision was unreasonable and arbitrary as to constitute an abuse of discretion. The main discrepancy between Wife's and the trial court's calculations involves spousal support. The divorce decree provides that Husband shall pay Wife as spousal support ten percent of his gross salary for four years. The calculation in the trial court's judgment entry clearly shows that the court properly calculated the spousal support. However, Wife's calculation includes bonus income, which is not contemplated in the divorce decree. The decree states "gross salary" not "gross income" for purpose of spousal support. Furthermore, Wife has made no argument regarding the spousal support calculation either on appeal or in her objections to the magistrate's decisions. Finally, a review of the record demonstrates that any actual miscalculation would be de minimis.
 {¶ 19} Therefore, we find that the trial court did not abuse its discretion in determining that Husband underpaid his child support obligation in the amount of $7,273.98. We also find that the trial court acted reasonably in ordering Husband to pay $238.70 per month until the arrears are satisfied.
 {¶ 20} Accordingly, the first assignment of error is overruled.
 Interest {¶ 21} In her second assignment of error, Wife argues that the trial court erred and abused its discretion in failing to award interest on the underpayment of child support.
 {¶ 22} R.C. 3123.17(A) provides that when an obligor is in default under a prior child support order, the court shall determine the amount of support arrearages and issue a new support order requiring the obligor to pay the support. "If the court determines the default was willful, the court may assess interest on the arrearage amount * * *." R.C. 3123.17(A).
 {¶ 23} In the instant case, the trial court did not award interest on the arrears based on the "lack of willfulness on the part of the Obligor." Wife argues that competent evidence existed in the record demonstrating that Husband acted willfully in failing to pay support because he failed to provide her with the requisite documents necessary to calculate his total child support obligation. Nevertheless, there is also competent and credible evidence in the record demonstrating that Husband paid child support for their two children until they reached majority. The record does not show that Husband willfully ceased or miscalculated payments; rather it shows he did not pay the proper amount pursuant to the mathematical formula set forth in the divorce decree. This does not indicate a willful failure to provide support for his children.
 {¶ 24} Therefore, we find no abuse of the court's discretion in refusing to award interest on the underpayment of child support because the court reasonably concluded that Husband did not act willfully.
 {¶ 25} Accordingly, the second assignment of error is overruled.
 Contempt and Attorney Fees {¶ 26} In her final assignment of error, Wife argues that the trial court erred and abused its discretion in denying her motion to show cause and for attorney fees.
 {¶ 27} Wife filed a motion to show cause because Husband allegedly failed to provide their daughters with a college education as required under the divorce decree. Within the motion, Wife also requested attorney fees.
 {¶ 28} The parties' divorce decree provides that "[Husband] will, to the extent that he is then able, provide the minor children with a college education." Wife argues that, pursuant to the divorce decree, it was Husband's sole obligation to provide their children with a college education. In fact, Wife states that "there is no obligation upon [Wife] or the children regarding college expenses." Contrary to Wife's assertion, the agreed divorce decree unambiguously provides that Husband will provide the children with a college education, but only to the "extent that he is then able."
 {¶ 29} Nevertheless, Wife argues that Husband should have paid for their second child's entire college education, as he did for their first child. Husband paid $46,000 for their first child to attend a private university and $15,000 for three semesters of their second child's private college education. The evidence shows that Husband's financial situation changed dramatically from the time their first child entered college to the time their second child finished college. During that time, Husband underwent heart surgery and ultimately received a heart transplant. He also was totally disabled when their second child entered college. Moreover, at the time he ceased paying for their second child's education, he had over $29,000 in liabilities, not including his monthly car payment, mortgage, and medications.
 {¶ 30} The magistrate's decision stated that Husband "testified that he had to incur a substantial portion of the credit card debt to pay for his child's first year and one-half of schooling on his decreased income, but could no longer afford to increase his outstanding debt while attempting to prepare for his retirement."
 {¶ 31} When the court adopted the magistrate's decision, it concluded that Husband provided his children with a college education to the extent that he was then able. We find competent and credible evidence to support this conclusion. Therefore, we also find no abuse of discretion in the court's denying Wife attorney fees. See R.C. 3105.73; Rand v. Rand (1985),18 Ohio St.3d 356, 359, 481 N.E.2d 609.
 {¶ 32} Accordingly, we find no abuse of discretion in the court's denial of Wife's motion to show cause and for attorney fees. The final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J. and McMonagle, J. concur.