[Cite as *In re M.L.H.*, 2013-Ohio-1668.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98868**

---

## IN RE: M.L.H.

## A Minor Child

[Appeal by Father]

---

**JUDGMENT:**
AFFIRMED IN PART, MODIFIED IN PART,
REVERSED IN PART, REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 03701531

**BEFORE:**   S. Gallagher, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 25, 2013

**ATTORNEYS FOR APPELLANT**

Marc G. Doumbas
1670 Columbus Road, Suite 3G
Cleveland, OH   44113

Anna M. Parise
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, OH   44077


**ATTORNEY FOR APPELLEE**

Gregory J. Moore
Stafford & Stafford Co.
55 Erieview Plaza, 5th Floor
Cleveland, OH   44114

SEAN C. GALLAGHER, J.:

{¶1} Appellant S.L.H. appeals from the juvenile court's order that adopted the magistrate's decision with regard to the calculation of annual healthcare costs of the child, M.L.H. Appellant further challenges the application of these calculations to certain time periods. For the reasons that follow, we affirm in part, modify in part, reverse in part, and remand.

{¶2} Appellant, S.L.H., is the father ("Father") of M.L.H. ("Child"), and L.L.K. is the child's mother ("Mother").

{¶3} On July 19, 2007, Mother filed a motion to modify child support seeking to modify Father's child support obligations based on a change of circumstances. On May 20, 2008, the parties entered into an agreement regarding the modification of parental rights and responsibilities, which the magistrate found to be in the child's best interest, and which was approved and adopted by the court. On May 10, 2011, Mother filed a motion to set a pretrial and hearing on child support, asserting that "all issues were determined except for the determination of child support and arrears."

{¶4} The magistrate conducted a hearing on June 11, 2012. The magistrate's decision was issued the following day. Both the hearing transcript and the magistrate's decision indicate that "the sole issue" before the court was a determination of Father's obligations as to Child's health insurance. The magistrate's decision recounts the following factual evidence:

The Obligee[1] testified that she married her current husband on May 12, 2007. She further testified that she has been employed by the Cleveland Clinic until June 15, 2008. During that time she had provided for the health insurance of the child per the original support order. (Exhibit 5)

The parties had resolved custody and visitation issues at a prior hearing (Exhibit 2, 4). The parties further agreed to resolve the issue of current support based on the voluntary exchange of information.

The Obligee further stated that she kept the Obligor informed of her employment status and the childs [sic] health insurance status. The child was placed under the current husbands [sic] insurance on August 1, 2008. The Obligee testified to the health insurance options available at that time. The Obligee further detailed the cost difference between single insurance, employee plus spouse, and family coverage. (Exhibit 3)

The Obligee further stated that she had previously requested information from Obligor regarding his health insurance care options. The Obligor never provided the Obligee with any specific information regarding his health care options, costs, or copy of any health insurance card.

\* \* \*

The Obligor testified that he had a health care option which would have costs significantly less than the cost of insurance currently being paid by the Obligee. The cost was approximately $1800.00 per year. The Obligor did not have any documentation available in support of his health care option. The Obligor further testified that he did inform the Obligee of his health care option but never provided her with any documentation.

{¶5} The magistrate ordered that Father's child support obligations be increased from $551.41 per month, including a 2 percent processing fee, to $994.18 per month, including a 2 percent processing fee. Father was ordered to pay an additional $100.00 per month, including a 2 percent processing fee, toward current support arrears due

---

[1] "Obligee" is Mother, and "Obligor" is Father.

Mother or her assigns, with the amount to be determined by Cuyahoga County Child Support Enforcement Agency. The magistrate ordered that the child support modifications were "effective July 19, 2007." The computation was, therefore, retroactively applied to the date of Mother's motion to modify.

{¶6} Father filed objections to the magistrate's decision.[2] Father maintained that the record and Mother's testimony did not support the magistrate's calculation of Child's health insurance costs for the relevant time period. Specifically, Father argued that he should not be ordered to pay increased amounts from July 19, 2007 to August 1, 2008, because he maintains Mother's actual costs were $1,336.80 annually or $55.70 bimonthly.[3] Father also argued that Mother stipulated to this fact on the record. Father also objected to the increased health insurance cost being applied from 2010 to 2012 because of Mother's testimony that the costs had decreased in those years. Father also objected to the order that Mother be allowed to claim Child as a dependent for federal income tax purposes, which was in conflict with the terms of the parties' shared parenting plan. The parties had agreed to alternate the dependent child exemption.

{¶7} On July 27, 2012, the trial court granted Father's objections in part and

---

[2] The court had adopted the magistrate's decision before Father filed his objections; however, the court subsequently granted Father leave to submit his objections for good cause shown. R. 158.

[3] Although the parties disputed this point throughout the briefing period, the parties appeared at oral argument with a stipulation that Father is not responsible for increased amounts for the time period between July 19, 2007 and August 1, 2008, and that the trial court erred by assessing them against him for that time period.

overruled them in part. The court upheld the magistrate's decision regarding the child support calculations. The court indicated there was no evidence presented to contradict the findings of child support and there was no transcript of the hearing provided for the court's review. Additionally, the court found "the Obligor presented that the cost of the insurance is on a bimonthly schedule, which does not compute correctly with the annual costs offered as the totals for the year." The court granted the objections to the extent it found that Father could claim Child as a dependent for federal income tax purposes in alternate years.

{¶8} Father commenced this appeal and assigns three errors for our review, which are addressed together because they all pertain to the court-ordered calculation and application of healthcare costs.

### Assignment of Error No. 1

The lower court abused its discretion when it calculated the annual healthcare cost to be $6,585.92 where the mother incurred no out of pocket cost to maintain healthcare coverage due to the fact that the minor child was added to the new spouse's family plan at no additional cost.

### Assignment of Error No. 2

The lower court abused its discretion when it ignored the stipulation of the Appellee that the $6,585.92 annual healthcare cost would not be calculated and applied from July 19, 2007 to June 20, 2008.[4]

### Assignment of Error No. 3

The lower court abused its discretion in calculating the annual healthcare cost to be $6,585.92 from July 2009 to June 12, 2012 for purposes of an

---

[4] At oral argument, Mother, through her counsel, conceded this assignment of error.

order and arreages [sic] where the evidence demonstrated that the $6,585.92 annual costs applied only during the period of June 19, 2008 to some unknown time in 2009 and where the evidence demonstrated that the annual healthcare costs were substantially lower from 2009 to present.

{¶9} Generally, a trial court's decision in matters involving child support is reviewed under an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). The term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Nevertheless, a trial court's discretion is not unfettered, and the mandatory statutory child-support requirements must be followed in all material respects. *Sapinsley v. Sapinsley*, 171 Ohio App.3d 74, 77-78, 2007-Ohio-1320, 869 N.E.2d 702 (1st Dist.), citing *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraph two of the syllabus. The failure to do so constitutes reversible error. *Marker*, 65 Ohio St.3d at 143. With the above standard in mind, we proceed to address the assigned errors.

{¶10} The parties' May 2008 shared parenting plan provided that "Father shall pay child support to the Mother pursuant to the Ohio Child Support Guideline computation worksheet." Before the June 11, 2012 hearing on Mother's motion to modify child support, the parties had agreed on all child support issues, with the exception of Father's obligation for healthcare costs.

{¶11} Mother carried insurance through her employer until June 15, 2008, which is noted in the magistrate's decision that was adopted by the court. Mother and Child were placed on her husband's healthcare plan on August 1, 2008. Mother presented her

husband's pay stub from "pay end date: 08/31/2008," which reflected a deduction for his medical plan in the amount of $552.15 and for his dental plan in the amount of $66.38. According to the hearing exhibits, these deductions occurred bimonthly, totaling 24 deductions per year. The breakdown of healthcare costs that is appended to the magistrate's decision was for "coverage year 2008 to 2009." The breakdown indicates that Child's healthcare expense for the period of 2008 to 2009 was $6,585.92 annually and $548.83 per month.

{¶12} The breakdown reflects that Child's healthcare costs were calculated as follows: first husband–employee's previous costs for single coverage are subtracted, then the remaining figure is divided by two because Mother and the child were the only dependents under the plan at those times. The insurance documentation and cards do indicate that Mother and Child were the only dependents covered by that plan in 2008. The formula used to arrive at Child's healthcare costs would not yield the same figure if any additional dependents were covered under the plan. The family plan cost remains the same regardless of the number of dependents on it. Therefore, using the pro rata formula, Child's healthcare costs would be reduced by coverage of additional dependents.

{¶13} There was discussion on the record as to whether the cost of the "family plan" was more than the cost of a health plan covering just employee (husband) and spouse (Mother). The magistrate indicated that there was a difference; however, there is no documentary evidence to substantiate it.

{¶14} Mother argues that the court-ordered child support should be upheld because the trial court was not provided a transcript of the June 2012 hearing in connection with Father's objections. Civ.R. 53 and Juv.R. 40 both require objections to be supported by a transcript or an affidavit of all evidence submitted to the magistrate relevant to the findings being challenged. Here, the court did not have a transcript, but there was evidence that supported Father's objections. For example, Father has been ordered to pay increased child support "effective July 19, 2007." Yet, the same order reflects that Mother maintained Child's health insurance, through her own employment and as agreed by the parties, until June 15, 2008. There is no evidence whatsoever that the amount of Child's healthcare insurance changed until she was added to her stepfather's health plan in August 2008. Therefore, it was an abuse of discretion to order Father to pay increased amounts before August 1, 2008. Moreover, Mother stipulated to this point at oral argument and conceded the merit of assignment of error No. 2. That assignment of error is accordingly sustained.

{¶15} The trial court did not abuse its discretion in resolving the dispute over Child's healthcare costs from August 1, 2008 through 2009. Mother presented evidence that would support the trial court's calculation for those periods.

{¶16} There was no documentation submitted for Child's healthcare costs after that period. Even without a transcript of the proceedings, there is enough evidence in the record to establish error occurred. Father was ordered to pay child support for increased healthcare costs past 2009 and beyond the documentary evidence that was

referenced by, and appended to, the magistrate's decision, which was adopted by the trial court.

**{¶17}** For these reasons, Father's assignments of error are sustained in part and overruled in part. The trial court's order is affirmed with respect to its calculations of increased child support but modified to be effective August 1, 2008 through 2009. This matter is remanded to the trial court with instructions to conduct another hearing on Mother's motion to modify child support with respect to Child's annual healthcare costs after 2009.

**{¶18}** Judgment affirmed in part, modified in part, reversed in part, and cause remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR