[Cite as *In re M.L.H.*, 2019-Ohio-4575.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE M.L.H. | : | |
| | : | No. 108006 |
| A Minor Child | : | |
| | : | |
| [Appeal by S.L.H., Father] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 7, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR-03701531

### *Appearances:*

Russell S. Bensing, and Scott J. Friedman, *for appellant.*

Stafford Law Co., L.P.A., Joseph Stafford, and Nicole A.
Cruz, *for appellee.*

PATRICIA ANN BLACKMON, J.:

{¶ 1}   S.L.H. ("Father") appeals the trial court's November 19, 2018 journal entry increasing his child support arrearage to $27,480 for his daughter M.L.H. Father raises four assigned errors for our review:

I.   The trial court abused its discretion when it ruled that Father's child support arrearage totaled $27,480.00 because the court

already issued a final order that established the arrearage amount at $14,827.67 after the child's emancipation.

II.  The trial court abused its discretion when it retroactively modified Father's support obligation.

III.  The trial court abused its discretion because its November 19, 2018 order was not supported by competent and credible evidence.

IV.  The trial court abused its discretion when it denied Father's request for a continuance and forced Father to proceed with the hearing pro se.

{¶ 2}  Having reviewed the record and pertinent law, we address the Father's 4th assigned error only and moot Father's assigned errors 1-3; accordingly, we reverse the trial court's judgment, and hold that the trial court should have granted the Father's request for a continuance.  Consequently, we reverse and remand the case for hearing that allows the Father an opportunity to put forth his evidence regarding the child support.

**Request for a Continuance**

{¶ 3}  On the issue of continuance, the Father argues that the court abused its discretion when it denied his request for a continuance, forcing him to proceed pro se at the October 15, 2018 hearing.  At the beginning of the hearing, Father terminated his attorney and asked for a continuance.  Father's reasoning was that he thought the hearing was to decrease his child support for M.L.H.'s healthcare costs per the *In re M.L.H. I*[1] remand. However, when his attorney explained that

---

[1]  *In re M.L.H.*, 8th Dist. Cuyahoga No. 98868, 2013-Ohio-1668 ("*In re: M.L.H. I*"). This court affirmed the increased child support from August 2008 through August 2009. However, this court reversed the increased child support from 2010 forward, finding that

Father might be paying more child support, because Mother filed a second motion to modify, Father felt that his counsel was incompetent. Father further argued to the court that he was not prepared to go forward without legal representation, and he requested a continuance. The court denied the continuance, and the hearing went forward.

{¶ 4} "The grant[ing] or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Courts should consider the following factors when ruling on a motion for a continuance:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [requesting party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Id.* at 67-68.

{¶ 5} At the October 15, 2018 hearing, the following is part of what occurred on the record regarding Father's pro se oral request for a continuance:

[FATHER]: Your Honor, I would just like to go on record —

THE COURT: We're on the record.

---

"[t]here was no documentation submitted for [M.L.H.'s] healthcare costs after that period." *Id.* at ¶ 16. Additionally, this court remanded the case to the trial court to conduct another hearing at which Mother was given a second opportunity to present evidence of M.L.H.'s increased healthcare costs after 2009. *Id.* at ¶ 17.

[FATHER]: — to ask for a continuance.

THE COURT: All right. Denied.

[FATHER]: Mr. Stafford, you've granted him numerous continuances.

THE COURT: And your attorney also. They're right in here if you'd like to see them.

[FATHER]: I'm asking for one today because I do not feel that my attorney is prepared today, your Honor, and I feel my rights are being violated.

I have a large amount of money at stake here. My attorney shows up today. In going over numbers, he's already telling me that I'm going to be paying * * * more child support.

* * *

But I just want to make sure that I'm on record stating that I want to fire my attorney and have a continuance granted because I don't feel I'm going to be properly represented today.

THE COURT: Yes. Your motion is denied.

{¶ 6} Father stated the following during his cross-examination: "Your Honor, again, if I may speak. I didn't feel competent being represented by my attorney. I feel even less competent representing myself. I cannot stand here today and be in the Court and feel that I am getting a fair trial representing myself. I did ask for a continuance." The court responded as follows: "You have made that already. Just answer the questions."

{¶ 7} After a recess, the following colloquy occurred:

[FATHER]: Can I go on the record again, your Honor?

THE COURT: If you want to ask for a continuance again, you're already on the record.

[FATHER]: May I strongly —

THE COURT: Yeah.  Well, you were strong before.

[FATHER]:  — ask for a continuance.  My attorney was not prepared for Court today.  * * * And I am even less prepared to represent myself as an attorney today in this courtroom.  * * * Objection.

THE COURT:  Overruled.

{¶ 8}  In analyzing these facts under *Unger*, we find the following.  Father did not request any specific length for the continuance.  Multiple continuances have been granted to both Father and Mother.  Additionally, the docket shows that the court continued scheduled hearings on several occasions with no reason given.  As for the inconvenience, no witnesses other than the parties themselves were set to testify.  Mother's attorney objected to Father's request for the continuance at issue.  The reason behind Father's requested delay was so that he could hire an attorney to represent him.  This a "legitimate" reason, although we take into consideration that Father contributed to the situation when he fired his attorney at the beginning of the hearing.

{¶ 9}  Additionally, our review of the hearing transcript shows that Father's former attorney took Father's file with him when Father terminated his services.  Father made it clear to the court multiple times at the hearing that he did not have any evidence or documentation with him.

{¶ 10} The record further indicates that discovery was produced by the parties regarding their respective income and health care costs, that the Father's attorney did not give Father access to at the hearing.  Father's attorney actually left with all of this information.

**{¶ 11}**  Consequently, we reverse and remand this case to the trial court to hold a new hearing to calculate child support including healthcare costs from January 1, 2010 to May 21, 2017, the date of child's emancipation.  Additionally, the trial court is mandated to determine whether there are any arrearages.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR