[Cite as *In re M.L.H.*, 2021-Ohio-2681.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE M.L.H. | : | |
| | : | No. 110031 |
| [Appeal by Father, S.L.H.] | : | |
| | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 5, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR03701531

### *Appearances:*

The Law Office of Scott J. Friedman and Scott J. Friedman, *for appellant.*

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for appellee.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gabriel R. Rivera and Steven W. Ritz, Assistant Prosecuting Attorneys, *for OCSS.*

MARY EILEEN KILBANE, J.:

{¶ 1} Appellant, S.L.H. ("Father"), appeals from the trial court's October 2, 2020 journal entry adopting appellee L.L.K.'s ("Mother") proposed journal entry and finding Father owed $27,480.00 in child support arrears and an additional

$4,560.02 in medical expenses.  For the reasons that follow, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2}  In 2003, Mother filed to determine the identification of a father and child relationship and for the allocation of parental rights and responsibilities for her minor child M.L.H., whose date of birth is November 13, 1998.  Shortly thereafter, Mother and Father agreed to joint custody of M.L.H. pursuant to a shared parenting plan.  Mother had also filed for child support in 2003 and on September 19, 2003, an order was issued by the court for Father to pay Mother $540.60 a month.  The support amount was based on the child support computation worksheet that showed Father's income at $51,222.00.  The order was to remain in effect until M.L.H. turned 18 years of age and graduated high school, unless by order of the court.

{¶ 3}  On July 19, 2007, Mother filed a motion to modify child support because of a change of circumstance.  On June 11, 2012, the magistrate conducted a hearing solely on the issue of Father's obligations as to the child's health insurance costs.  The next day, the magistrate ordered an increase in Father's monthly child support obligations from $551.41 to $994.18 based on the jointly stipulated child support computation worksheets attached to the order.  The court also found there was an increase in healthcare costs from 2008 to 2009.  On July 17, 2012, the trial court adopted the magistrate's decision.

**{¶ 4}** Father appealed that decision in *In Re M.L.H.*, 8th Dist. Cuyahoga N0. 98868, 2013-Ohio-1668 ("M.L.H. I") where this court affirmed in part, modified in part, and reversed in part. In *M.L.H. I*, this court found that while the trial court did not abuse its discretion in its calculations of increased child support regarding the increased healthcare costs from August 1, 2008 to 2009, it was an error to order Father to pay an increased amount after 2009 when there was no evidence in the record for the increased cost. *Id.* at ¶ 17. On April 25, 2013, this court remanded with instructions to conduct a hearing on Mother's motion to modify with respect to the healthcare costs after 2009. *Id.*

**{¶ 5}** On October 3, 2013, Father filed a motion to modify his child support obligations. On July 9, 2015, Mother filed a second motion to modify child support. On December 15, 2015, the trial court determined it would resolve both parties pending motions to modify, as well as this court's remand from *M.L.H. I* in a single hearing. This hearing was delayed for over two years in part because both parties requested several continuances.

**{¶ 6}** In the interim, on June 12, 2017, the Office of Child Support Services ("OCSS") issued an Investigative Findings and Recommendations ("F&R") that determined Father's support obligation terminated on May 21, 2017, because that is when M.L.H. had graduated from high school and the child had already turned 18 years of age on November 13, 2016. OCSS found Father owed a balance of $14,827,67 in arrears as of June 11, 2017. Interestingly, neither party objected to the

F&R, which was filed with the court on August 31, 2017. The court then adopted the F&R on September 28, 2017.

{¶ 7} After granting several continuances, the trial court set the hearing for all pending motions to modify on October 15, 2018. At the beginning of the hearing, Father fired his attorney and requested continuance, but the trial court denied the request and Father proceeded pro se. On November 19, 2018, the trial court released its entry in which it recalculated Father's child support obligations and found that he now owed a total of $27,480.00 in arrears.

{¶ 8} On December 20, 2018, Father again appealed to this court. *In re M.L.H.,* 8th Dist. Cuyahoga No. 108006, 2019-Ohio-4575 ("*M.L.H. II*"). On November 7, 2019, this court found that the trial court abused its discretion in denying Father a continuance to obtain new counsel. *Id.* at ¶ 12. This court reversed the order and "remand[ed] this case to the trial court to hold a new hearing to calculate child support including healthcare costs from January 1, 2010 to May 21, 2017, the date of child's emancipation. Additionally, the trial court [was] mandated to determine whether there are any arrearages." *Id.* at ¶ 11.

{¶ 9} The trial court, in accordance with this order, then set the case for another hearing on July 29, 2020; however, instead of requiring testimony again, the court ordered each party to submit their evidence and arguments in writing 30 days prior. Both Father and Mother submitted written evidence, arguments, and proposed journal entries. Father also filed a motion to dismiss the case and terminate further child support obligations because he believed the court's

September 28, 2017 order resolved the case. On October 2, 2020, the trial court adopted Mother's proposed journal entry, vacated the September 28, 2017 order, and again found that Father owed $27,480.00 in child support arrears, plus an additional $4,560.02 in medical expenses. It is from this judgment that Father now appeals to this court for the third time.

{¶ 10} Father raises the following four assignments of error:

I. The juvenile court abused its discretion when it denied Father's motion to dismiss and motion to terminate support, because the case was resolved in 2017 when the juvenile court previously terminated Father's child support obligation and established a final child support arrearage amount.

II. The juvenile court abused its discretion when it vacated the September 29, 2017 Order that terminated Father's child support obligation and established a final arrearage amount.

III. The juvenile court abused its discretion when it retroactively modified Father's child support obligation.

IV. The juvenile court abused its discretion because its October 2, 2020 order was not supported by competent and credible evidence.

## LAW AND ANALYSIS

{¶ 11} Father's first three assignments of error allege that the juvenile court abused its discretion because it did not have authority to retroactively modify the child support order and his arrearage amount. We will address the first, second, and third assignments of error together.

{¶ 12} A trial court's decision regarding child support obligations will not be reversed on appeal absent an abuse of discretion. *Toensing v. Toensing*, 8th Dist. Cuyahoga No. 87066, 2006-Ohio-3320, ¶ 11, citing *Pauly v. Pauly*, 80 Ohio St.3d

386, 390, 686 N.E.2d 1108 (1997); *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). So long as the decision of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, we will not disturb it. *Masitto v. Masitto*, 22 Ohio St.3d 63, 66, 488 N.E.2d 857 (1986).

{¶ 13} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Baxter v. Thomas*, 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, ¶ 21, citing *In re C.K.*, 2d Dist. Montgomery No. 25728, 2013-Ohio-4513, ¶ 13, citing *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *Id.*, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court." *Baxter* at ¶ 21, citing *Adams v. Adams*, 3d Dist. Union No. 14-13-01, 2013-Ohio-2947, ¶ 15, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} Father argues the juvenile court's prior September 29, 2017 order, adopting the F&R from OCSS, should be the final determination of his outstanding child support payments. However, his argument is misplaced because the juvenile court not only retained authority to act on any of the three pending motions to modify child support, but it was also required to pursuant to this court's November 7, 2019 order to recalculate support from 2010 to 2017 as well. *M.L.H. II* at ¶ 11.

{¶ 15} The court's statutory requirement was pursuant to R.C. 3119.79:

> If an obligor or obligee under a child support order requests that the court modify the amount of child support required to be paid pursuant to the child support order, the court *shall* recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet. (Emphasis added)

Accordingly, once a party files a motion to modify, a trial court must recalculate the amount of support. Prior to the trial court's October 2, 2020 order, there were three pending motions to modify, two filed by Mother and one filed by Father. As such, the court was required to recalculate support based on these motions regardless of the filing of OCSS's F&R and the court's subsequent adoption of the F&R. The F&R calculation was based on the prior child support calculation, so it should not be surprising that the trial court's recent calculation has different numbers. By ruling on the pending motions to modify and recalculating Father's support, the September 29, 2017 order Father argues should be the final calculation is essentially voided by the new order. Nothing in the statute limits the trial court's ability to recalculate child support after an F&R by OCSS is filed and approved by the court, and Father cites to no applicable law to support this position.

{¶ 16} Furthermore, the trial court was required to recalculate support based on this court's prior mandate ordering the court to "hold a new hearing to calculate child support including healthcare costs from January 1, 2010 to May 21, 2017, the date of child's emancipation. Additionally, the trial court is mandated to determine whether there are any arrearages." *M.L.H. II* at ¶ 11. This court's remand establishes the "law of the case" and that the lower court has "no discretion to

disregard the mandate of a superior court in a prior appeal of the same case," quoting *Westlake v. Cleveland*, 8th Dist. Cuyahoga No. 107222, 2019-ohio-1435, ¶ 10. As such, the trial court was required to calculate healthcare costs from 2010 to 2017 and it was required to determine if there were any arrearages.

{¶ 17} Father also argues that the court did not have authority to retroactively modify his child support arrears. The case he cites to support his position, however, the motion to modify was filed after child support was terminated by the child's emancipation. Here, all three motions were filed years prior in 2007, 2013, and 2015 respectively, before the child was emancipated on May 21, 2017. It is a general rule that "parties to a child support modification order are entitled to have the order relate back to the date upon which the motion for modification was filed, as 'any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations.'" *Baxter*, 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, ¶ 36, citing *State ex rel. Draiss v. Draiss*, 70 Ohio App.3d 418, 420, 591 N.E.2d 354 (9th Dist.1990), quoting *Murphy v. Murphy*, 13 Ohio App.3d 388, 469 N.E.2d 564 (10th Dist.1984). However, because the trial court had already dealt with modification of child support in 2008 and 2009, it was proper for the court to apply its recalculation beginning in 2010.

{¶ 18} Therefore, we find the juvenile court committed no error by conducting a hearing to recalculate child support and any arrears because the trial court's statutory mandate, as well as this court's mandate, required it to do so. The

trial court also did not err in retroactively modifying Father's child support obligation based on its recalculations. Doing what is required by law does not constitute "an attitude that is unreasonable, arbitrary, or unconscionable" and therefore, we find the trial court did not abuse its discretion in acting on the pending motions and retroactively modifying Father's child support and arrears. We also find that the trial court clearly did not abuse its discretion in denying Father's motion to dismiss and motion to terminate support since, as discussed, the trial court was required to recalculate support and could not have dismissed the case. Therefore, Father's first three assignments of error are overruled.

{¶ 19} Father's last assignment of error alleges the trial court's October 2, 2020 order was not supported by competent and credible evidence. Again, the trial court's decision regarding child support will not be reversed unless it abused its discretion. *Toensing, supra*, at ¶ 11. "So long as the decision of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, we will not disturb it." *Id.*, citing *Masitto v. Masitto*, 22 Ohio St.3d 63, 66, 488 N.E.2d 857 (1986).

{¶ 20} Under R.C. 3119.79(A), "[w]hen considering a motion to modify a child support order, the trial court must recalculate the amount of support required to be paid pursuant to the statutory child support guideline schedule and the applicable worksheet using the parties' updated financial information." *Baxter*, 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, ¶ 22, quoting *Bonner v. Bonner*, 3d Dist. Union No. 14-05-26, 2005-Ohio-6173, ¶ 10. Further, "[a] deviation of ten

percent in the amount to be paid between the original support order and the recalculated amount under the current circumstances is deemed to be a 'change of circumstances substantial enough to require a modification of the child support amount.'" *Id.*, quoting R.C. 3119.79(A).

{¶ 21} "There is a rebuttable presumption that the annual obligation calculated using the child support worksheet is the amount of child support that should be awarded." *Baxter* at ¶ 40, quoting *Irish v. Irish*, 9th Dist. Lorain No. 10CA009810, 2011-Ohio-3111, ¶ 16, citing R.C. 3119.03 and *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992). The party who seeks to rebut the presumption has the burden of proof and must provide facts from which the court can determine that the actual annual obligation is unjust or inappropriate and would not be in the children's best interest. *Baxter* at ¶ 40, citing *Murray v. Murray*, 128 Ohio App.3d 662, 671, 716 N.E.2d 288 (12th Dist.1999).

{¶ 22} A review of the October 2, 2020 order shows that the trial court used the child support computation worksheets for each year from 2010 to the child's emancipation to arrive at its amounts. The numbers used in the worksheets were based on evidence put forth by Mother, which included both parents' W-2s, tax returns, electric bills, healthcare benefits, child support guidelines, earning statements, pay stubs, bank records, and medical reimbursements paid by Mother. The court, as the trier of fact, found that evidence competent and credible and upon review we too find that such documents are necessary and appropriate for a court to recalculate a parent's child support.

{¶ 23} A review of the records shows that, after granting Mother's motion to modify, the magistrate's June 12, 2012 order, increased Father's monthly support ordered payments from $551.41 to $994.18, an increase of more than 10%. Similarly, the trial court in its October 2, 2020 order ruling on the pending motions to modify recalculated Father's payments for each year from 2010 to 2017. The first modification for 2010 increased Father's child support from $994.18 to $1,282.29 an increase of over 10%, justifying the change in circumstances for the modification pursuant to R.C. 3119.79(A). *Baxter*, 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, ¶ 22, quoting *Bonner*, 3d Dist. Union No. 14-05-26, 2005-Ohio-6173, ¶ 10. Father's initial income on the child support worksheets was $51,000, but the child support worksheets used by the court, based on his W-2s, tax returns, and pay stubs, have Father's income listed as over $100,000.00 for every year between 2010 to 2017. Further, we find that Father has put forth no credible evidence or arguments to show why or how the trial court's October 2, 2020 calculations are unjust or inappropriate and therefore fails to meet his burden to rebut the presumption that the calculations reflect the correct amounts to be awarded. *Baxter* at ¶ 40, citing *Murray*, 128 Ohio App.3d 662, 671, 716 N.E.2d 288 (12th Dist.1999).

{¶ 24} Therefore, we find the trial court did not abuse its discretion in finding Father owed $27,480.00 in child support arrears and $4,560.02 in medical expenses because the October 2, 2020 order was based on calculations from the child support worksheets and credible, competent evidence.

{¶ 25} Father's fourth assignment of error is overruled.

**{¶ 26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR