OPINION
{¶ 1} Petitioner-appellant, Richard E. Bonner (hereinafter "appellant"), appeals the judgment of the Union County Court of Common Pleas upholding the magistrate's decision that denied appellant's motion to modify his child support obligation. Although originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} On December 1, 1979, appellant married Christel Bonner (hereinafter "appellee"). Appellant and appellee had three children together. Two of the children are related to this appeal: Tiffany Bonner (hereinafter "Tiffany"), born March 28, 1986, and Sydney Bonner (hereinafter "Sydney"), born September 13, 1995.
 {¶ 3} On May 6, 2003, the parties' marriage was terminated by a decree of dissolution. The parties had entered into a separation agreement, which the magistrate incorporated into the decree. Under the terms of the agreement, appellant agreed to deviate upward from the child support obligation established by the statutory child support guideline schedule.
 {¶ 4} Appellant agreed to pay child support to appellee in the amount of $200.00 per week plus processing fees.[1] Appellant also agreed to pay this amount until the youngest of his children reached the age of eighteen and was out of high school. The parties agreed, and the magistrate concurred, that the upward deviation was necessary for appellee to meet her financial needs and was in the best interests of the children.
 {¶ 5} Tiffany turned eighteen and graduated from high school on July 7, 2004. The trial court subsequently terminated appellant's support obligation as to Tiffany. At this time, however, Sydney was still under the age of eighteen, and the trial court did not alter appellant's support obligation of $200.00 per week.
 {¶ 6} On October 27, 2004, appellant filed a motion to modify his child support obligation. A recalculation of appellant's child support for one minor child required appellant to pay $162.25 per week, which was more than ten per cent less than the $200.00 per week to which he had agreed.[2] Thereafter, the magistrate denied the appellant's motion for modification, and the trial court subsequently adopted the magistrate's decision.
 {¶ 7} It is from this decision that appellant appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred when it failed to modify the appellant'schild support obligation after finding a change greater than tenpercent in his obligation existed.
 {¶ 8} In his sole assignment of error, appellant argues the trial court erred in requiring him to prove a "substantial change of circumstances," in addition to the requirements of R.C. 3119.79(A), in order to modify his child support obligation. Although we analyze the applicable law differently than did the trial court, we reach the same conclusion and affirm the judgment denying appellant's motion.
 {¶ 9} Trial courts are given broad discretion in determining whether to modify child support orders. Woloch v. Foster (1994),98 Ohio App.3d 806, 810, 649 N.E.2d 918. Therefore, a trial court's decision regarding a motion to modify a child support order will not be overturned absent an abuse of discretion. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390, 686 N.E.2d 1108, citing Booth v. Booth (1989),44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 10} When considering a motion to modify a child support order, the trial court must recalculate the amount of support required to be paid pursuant to the statutory child support guideline schedule and the applicable worksheet using the parties' updated financial information. See R.C. 3119.79(A). A deviation of ten per cent in the amount to be paid between the original support order and the recalculated amount under the current circumstances is deemed to be a "change of circumstance substantial enough to require a modification of the child support amount." Id.
 {¶ 11} The facts of the present case require R.C. 3119.79(A) to be read in conjunction with R.C. 3119.79(C), which provides:
If the court determines that the amount of child support required to bepaid under the child support order should be changed due to a substantialchange of circumstances that was not contemplated at the time of theissuance of the original child support order * * *, the court shallmodify the amount of child support required to be paid under the childsupport order to comply with the schedule and the applicable worksheetthrough the line establishing the actual annual obligation, unless thecourt determines that the amount calculated pursuant to the basic childsupport schedule and pursuant to the applicable worksheet would be unjustor inappropriate and would not be in the best interest of the child andenters in the journal the figure, determination, and findings specifiedin section 3119.22 of the Revised Code. Emphasis added.
Where, as in the present case, a party voluntarily agrees to pay child support in an amount exceeding the statutory child support guideline schedule, a trial court granting a motion for modification must find both (1) a change of circumstances, and (2) that such a change of circumstances "was not contemplated at the time of the issuance of the child support order."
 {¶ 12} In the case sub judice, the trial court determined that, based upon appellant's increased income and one minor child, the recalculated amount of support under the statutory child support guidelines required appellant to pay $162.25 per week, which was less than the $200.00 per week payment to which he had agreed by more than ten per cent. The trial court's finding, therefore, that there was a change of circumstances within the meaning of R.C. 3119.79(A) was correct.
 {¶ 13} At the time of the separation agreement, however, appellant voluntarily agreed to pay $200.00 per week until Sydney reached the age of eighteen and was out of high school. The explicit terms of the separation agreement acknowledge the consequences of this upward deviation in stating that, "The parties agree that said sum [$200.00] represents a deviation upward at this time of approximately $40.62 per week and $2112 per year and will result in an increased deviation upwardat the time that Tiffany turns 18 and is out of high school." Emphasis added.
 {¶ 14} Given the unambiguous language of the separation agreement, the parties were cognizant that when Tiffany reached age eighteen appellant's support obligation for her could be terminated. The parties also acknowledged that appellant's support payments at that time would be more than the statutory child support guidelines required for one minor child. Appellant agreed to pay that amount, whether from a sense of obligation to his children or as part of a negotiated separation agreement, with awareness of the circumstances.
 {¶ 15} Consequently, we find the circumstances surrounding the ten per cent deviation were "contemplated at the time of the issuance of the child support order." Appellant has, therefore, failed to establish the second element under R.C. 3119.79(C) required for a modification of his child support obligation.
 {¶ 16} Appellant cites DePalmo v. DePalmo (1997), 78 Ohio St.3d 535,679 N.E.2d 266, for the proposition that an existing support order must
be modified if a ten percent deviation is found under R.C. 3119.79(A). We note, however, DePalmo did not address a situation, such as the one considered herein, where a party voluntarily agreed to pay child support in an amount exceeding the statutory child support guideline schedule.
 {¶ 17} The trial court relied on the holding of Roche v. Roche, 7th Dist. No. 01 C.A. 3, 2002-Ohio-1538, and the rationale of Smith v.Collins (1995), 107 Ohio App.3d 100, 667 N.E.2d 1236, in denying appellant's motion. The trial court reasoned it could modify appellant's child support obligation only upon a showing that there was (1) a ten per cent deviation between a new child support calculation and the original support obligation under R.C. 3119.79(A) and (2) a "substantial change of circumstances" beyond the ten per cent deviation. See Roche,
2002-Ohio-1538, at ¶¶ 7, 20-21; Smith, 107 Ohio App.3d at 104-105.
 {¶ 18} Under the facts presented in this case, and considering the specific and clear language of the separation agreement and its incorporation into the decree of dissolution, we need not address the trial court's reasoning. A judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant. See Lust v. Lust, 3d Dist. No. 16-02-04, 2002-Ohio-3629, at ¶ 32, citing Smith v. Flesher (1967),12 Ohio St.2d 107, 110, 233 N.E.2d 137.
 {¶ 19} Accordingly, appellant's assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Rogers, JJ., concur.
[1] At the time of the dissolution, appellant's adjusted annual gross income was $44,579 and appellee's was $21,245. If the trial court had not approved of the parties' agreement to deviate upward, the statutory child support guideline schedule required appellant to pay $159.38 per week.
[2] The magistrate held a hearing to recalculate appellant's child support based upon the parties' updated financial information. See R.C.3119.79(A). The magistrate found that appellant had earned $68,651.28 as of November 24, 2004, and that appellant's adjusted annual gross income had increased to approximately $72,000. The magistrate also found appellee's adjusted annual gross income had increased to $30,312.