OPINION
{¶ 1} Plaintiff-appellant, Joseph Le, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion to reduce his child support obligation. We affirm the trial court's decision.
 {¶ 2} Le and defendant-appellee, Theresa Bird, were divorced in 1996, and Le was ordered to pay Bird support for their two children. In February 2000, in response to Le's motion to reduce his child support obligation, the parties filed an agreed entry setting Le's child support obligation at $663 per month, and eliminating his child support arrearage. The entry further provided that neither party would seek a modification of the child support order unless custody changed from one parent to the other, or if "either party who is obligated to pay child support is unable to work for some reasonable cause or becomes disabled." In the latter event, the entry states that obligor's support obligation would be reduced to $216 per month.
 {¶ 3} In September 2004, Le filed a motion requesting that his child support be reduced, citing a reduction in his income. Le had lost his job with General Electric and was working, at a reduced rate, in his new wife's nail salon. After a hearing on the matter, a magistrate granted Le's motion and reduced his child support obligations. Bird filed objections which the trial court granted. The trial court denied Le's motion finding that the agreed entry was an enforceable contract, that Le had previously relied on the contract to his benefit, and that he had failed to present evidence of circumstances which would warrant a modification of his child support obligation under the terms of the agreed entry. Le appeals, raising a single assignment of error:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S TO [SIC] MODIFY CHILD SUPPORT DESPITE NUMEROUS SUBSTANTIAL CHANGES IN CIRCUMSTANCES."
 {¶ 5} Trial courts are given broad discretion in determining whether to modify child support orders. Woloch v. Foster
(1994), 98 Ohio App.3d 806, 810. Therefore, a trial court's decision regarding a motion to modify a child support order will not be overturned absent an abuse of discretion. Pauly v.Pauly, 80 Ohio St.3d 386, 390, 1997-Ohio-105, citing Booth v.Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} When considering a motion to modify a child support order, the trial court must recalculate the amount of support required to be paid pursuant to the statutory child support guideline schedule and the applicable worksheet using the parties' updated financial information. See R.C. 3119.79(A). A deviation of ten per cent in the amount to be paid between the original support order and the recalculated amount under the current circumstances is deemed to be a "change of circumstance substantial enough to require a modification of the child support amount." Id.
 {¶ 7} The facts of the present case require R.C. 3119.79(A) to be read in conjunction with R.C. 3119.79(C), which provides:
 {¶ 8} "If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that wasnot contemplated at the time of the issuance of the originalchild support order * * * the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code." (Emphasis added.)
 {¶ 9} Where, as in the present case, the parties voluntarily agree to the amount of an obligor's child support obligation, a trial court granting a motion for modification must find both (1) a change of circumstances, and (2) that such a change of circumstances "was not contemplated at the time of the issuance of the child support order." Bonner v. Bonner, Union App. No. 14-05-26, 2005-Ohio-6173, ¶ 11.
 {¶ 10} In the present case, Le's guideline support obligation changed by more than ten per cent, constituting a change of circumstances within the meaning of R.C. 3119.79(A). However, Le voluntarily agreed to a fixed child support obligation, unless one of two circumstances occurred. First, a change of custody, or second, a party's inability to work for "reasonable cause or disability." The agreement provides specific examples of these circumstances. Given the unambiguous language of the agreement, the parties were cognizant that child support could be modified in only very limited circumstances. Le agreed to pay a fixed amount, as part of a negotiated agreement, with awareness of the surrounding circumstances and limitations. As noted by the trial court, the agreement has in the past been implemented to Le's financial advantage.
 {¶ 11} The parties' agreement regarding child support is a contract between the parties, subject to the same rules of construction that govern other contracts. See In re Dunn
(1995), 101 Ohio App.3d 1, 47. If, as in the present case, the provisions of the agreement are unambiguous, a court must give the terms their plain, ordinary meaning. Forstner v. Forstner
(1990), 68 Ohio App.3d 367, 372; Arcuri v. Arcuri (Nov. 3, 2000), Hamilton App. No. C9-90802. "Where no ambiguity exists, the trial court may not construe, clarify or interpret the parties' agreement to mean anything outside of that which it specifically states." Pavlich v. Pavlich, Summit App. No. 22357, 2005-Ohio-3305, ¶ 7; Renicker v. Wardell, Tuscarawas App. No. 2002AP110094, 2003-Ohio-4804, ¶ 20.
 {¶ 12} The language of the parties' agreed entry is clear and unambiguous, and Le presented no evidence in support of either a change of custody or his inability to work for reasonable cause which would permit modification of his child support obligation. Consequently, we conclude that the trial court did not abuse its discretion by denying Le's motion. The assignment of error is overruled.
 {¶ 13} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.