OPINION *Page 2 
{¶ 1} Appellant-second petitioner Joseph Steggeman appeals the judgment of the Logan County Court of Common Pleas. For the following reasons, we reverse the trial court.
 {¶ 2} Joseph married Michele Steggeman on May 7, 1988. Michele and Joseph had two children together: Anna (DOB 12/19/90) and Miriam (DOB 11/23/93). On February 9, 1998, the parties' marriage was terminated by a dissolution decree. The amount of child support calculated by the child support guideline was $120.31 per month paid by Michele to Joseph; however, the parties agreed that Michele would not pay child support.
 {¶ 3} In October 1999, Michele was ordered to pay $244.92 in child support per month plus a 2% processing fee. In October 2002, an administrative review of Michele's child support was conducted. Michele was then ordered to pay $463.45 per month for child support, which included a 25.2% deviation based on the amount of time the children were in Michele's care.
 {¶ 4} On April 7, 2004, the parties filed a shared parenting plan with the trial court. Under this shared parenting plan, both parties were designated the residential parent and legal custodians of the children. The shared parenting plan provided that the children would reside with Michele every other week. In *Page 3 
addition, the shared parenting plan stated, "[n]othing herein shall modify the current child support order or the allocation of the tax exemptions."
 {¶ 5} On August 31, 2005, Michele filed a motion to modify her child support obligation. The matter was heard by the magistrate. In his decision, the magistrate found that "Michele has met her burden under R.C. 3119.79(A) and (C), and that a modification is in order." The magistrate then recommended a deviation to $89.00/month based on the amount of time the children spend with Michele. Further, the magistrate found that requiring Michele to pay the guideline amount would be unjust, inappropriate, and not in the best interests of the children.
 {¶ 6} Joseph filed objections to the magistrate's decision. The trial court reviewed the objections to the magistrate's decision and found that the parties had entered into a shared parenting agreement on April 7, 2004, wherein the parties agreed that Michele's previous child support obligation of $463.45/month would remain in effect. The trial court found that the parties agreed to stipulations including a sole custody worksheet in which the child support pursuant to the child support schedule would be $665/month and that the amount of child support under a split custody worksheet would be $89/month. In addition, the trial court found that the 10% requirement under R.C. 3119.79 was met, since the recalculated amount of child support was more than 10% different from the current child support obligation. The trial court also found that a necessary change in *Page 4 
circumstance had occurred. The trial court further found the statutory factors for child support deviation were present. Thus, the trial court overruled Joseph's objections to the magistrate's decision and adopted the magistrate's findings and recommendations.
 {¶ 7} It is from this judgment that Joseph appeals and asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I THE COURT ERRED WHEN IT MODIFIED THE APPELLEE'S CHILD SUPPORT OBLIGATION WITHOUT FINDING THAT THERE WAS A MATERIAL CHANGE IN CIRCUMSTANCE THAT WAS NOT CONTEMPLATED AT THE TIME OF THE PARTIES' PRIOR CHILD SUPPORT ORDER.
 {¶ 8} In his sole assignment of error, Joseph argues that under this court's decision in Bonner v. Bonner, 3d Dist. No. 14-05-26,2005-Ohio-6173, "Ohio Revised Code Section 3119.79(A) must be read in conjunction with Ohio Revised Code Section 3119.79(C) when a party voluntarily agrees to pay child support in an amount exceeding the statutory child support guideline schedule." Joseph argues that the trial court must find a change of circumstances not contemplated at the time of the entry. Further, Joseph maintains that the trial court's finding of a substantial change of circumstances based on Michele's bankruptcy petition, Michele sharing expenses with a significant other, and Joseph's lack of child care expenses was "a stretch" and constituted an abuse of discretion. Further, Joseph *Page 5 
argues that there is no indication that the trial court considered all the statutory factors before granting a deviation of the child support amount and there is no explanation as to how the facts justify the deviation.
 {¶ 9} The trial court's decision regarding the modification of child support is reviewed under an abuse of discretion standard.Bonner, 2005-Ohio-6173, at ¶ 9, citing Pauly v. Pauly (1997),80 Ohio St.3d 386, 390, 686 N.E. 2d 1108. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. Id. citing, Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 10} R.C. 3119.79 provides,
 (A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.
 * * *
 (C) If the court determines that the amount of the child support required to be paid under the child support order *Page 6 should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.
Emphasis added.
 {¶ 11} In Bonner v. Bonner, this court determined that the facts in that case required "R.C. 3119.79(A) to be read in conjunction with R.C. 3119.79(C)". Bonner, 2005-Ohio-6173, at ¶ 11. In Bonner, the appellant agreed to pay child support in the amount of $200 per week plus a processing fee, which constituted an upward deviation from the child support obligation under the child support schedule. Id. at ¶ 3-4. The appellant agreed to pay that same amount of support until his youngest child turned eighteen years old and was out of high school. Id. at ¶ 4-5.
 {¶ 12} In Bonner, we stated, "[w]here, as in the present case, a party voluntarily agrees to pay child support in an amount exceeding the statutory child support guideline schedule, a trial court granting a motion for modification must first find both (1) a change in circumstances, and (2) that such a change of *Page 7 
circumstances `was not contemplated at the time of the issuance of the child support order.'" Id. at ¶ 11. In that case, we found that "the circumstances surrounding the ten per cent deviation were `contemplated at the time of the issuance of the child support order'", and thus, the appellant had failed to meet the second element under R.C. 3119.79(C). Id. at ¶ 15.
 {¶ 13} We find this court's decision in Bonner applies to the present case. Thus, under the facts of this case, R.C. 3119.79(A) must be read in conjunction with R.C. 3119.79(C).
 {¶ 14} In the present case, the magistrate found that theBonner decision was distinguishable. The magistrate also determined that Michele had met her burden under R.C. 3119.79(A) and (C) and that a modification was in order. The magistrate found that the child support pursuant to R.C. 3119.02 would equal $665 per month and recommended that there be a deviation to the sum of $89 per month because of the additional time the children spend in the home of the obligor. The magistrate further found that requiring the obligor to pay the statutory amount would be unjust, inappropriate, and not in the best interest of the children.
 {¶ 15} The trial court found that the ten percent deviation has been met as the recomputed obligation of $665 per month is more than a ten percent difference from the current obligation. The trial court further found that:
 Joseph's remarriage and sharing of living expenses with his new spouse, the passage of time in the children's lives, no further *Page 8 need for day care, Michele's bankruptcy filing, and her major reconstructive knee surgery, which caused her to miss several months of work, satisfy the Court that the necessary change in circumstances has occurred.
The trial court then adopted the findings and recommendations of the magistrate, overruled the objections, and had Michele's counsel prepare a judgment entry consistent with the magistrate's findings and recommendations.
 {¶ 16} After reviewing the record, we find that there is no evidence in the record that Joseph's remarriage, his sharing of living expenses, Michele sharing living expenses with a significant other, or the filing of Michele's bankruptcy petition occurred after the issuance of the child support order.[1] In addition, the mere passage of time in the children's lives, the lack of day care expenses, and Michele sharing living expenses with a significant other do not, in and of itself, constitute a substantial change of circumstances. Furthermore, Michele's knee surgery and the fact that she missed work cannot be considered a substantial change of circumstances because the parties stipulated to their income at the hearing.
 {¶ 17} Therefore, we hold that there was no substantial change of circumstances, which were not contemplated at the time of the issuance of the *Page 9 
child support order, as required under R.C. 3119.79(C). Joseph's sole assignment of error is sustained.
 {¶ 18} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 ROGERS, P.J., and WILLAMOWSKI, J., concur.
[1] In fact, the magistrate's decision filed on December 13, 2002, states that Joseph was remarried on June 8, 2002. In addition, the record indicates that Michele moved in with her boyfriend in 2001. (T. 2/23/06 at pg. 24). *Page 1